**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JAMES WOOLF** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-233** |
| **UNITED STATES ATTORNEY GENERAL** | **SECTION "T" (5)** |

**ORDER AND REASONS**

Petitioner James Woolf filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. R. Doc. 3. Although styled as a writ of habeas corpus under 28 U.S.C. § 2241, the Court determined that Woolf's claims challenge the validity of his state court conviction and sentence pursuant to 28 U.S.C. § 2255. R. Doc. 14. The Court issued a warning pursuant to *Castro v. United States*, 540 U.S. 375 (2003), and instructed Petitioner, on or before October 7, 2026, to "either: (1) withdraw his Petition Pursuant to § 2241 (R. Doc. 3) that the Court has recharacterized as a § 2255 motion or; (2) file an amended motion on the attached § 2255 form that includes all grounds for relief that Petitioner believes are available to him. If the motion is not withdrawn, Petitioner must file an amended motion on the attached form even if he decides not to include new or additional grounds for relief." R. Doc. 14. Included with the order was a copy of the appropriate form for filing a § 2255 motion. *See* R. Doc. 14. The order also expressly cautioned Petitioner that failure to comply might result in the dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b). *See* R. Doc. 14.

The docket sheet in this case reflects that the September 21, 2026, order was sent to Petitioner, and there is no indication that it was not delivered to or received by him at the address he provided. As such, the Court reasonably infers that Petitioner received the order. The deadline of October 7, 2026, has expired, and Petitioner has neither responded to the order nor filed anything in the case manifesting an intent to proceed with this action.

Rule 41(b) "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with [a Federal Rule of Civil Procedure or] a court order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).

The Court has given Petitioner a reasonable opportunity to respond to its September 21, 2026, order, and he has impliedly refused or declined to do so, despite a warning that failure to comply could result in the dismissal of the action. By not complying with the Court's order, Petitioner prevents this action from proceeding and has failed to prosecute his lawsuit. The Court will therefore dismiss this habeas action without prejudice for failure to comply with a court order and for lack of prosecution under Rule 41(b). *See* Fed. R. Civ. P. 41(b) (stating that an involuntary dismissal "operates as an adjudication on the merits" unless otherwise specified).1

Accordingly,

**IT IS ORDERED** that James Woolf's Petition for a Writ of Habeas Corpus (R. Doc. 3) is DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this 18th day of November, 2026.

**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**